IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ZACHARY RYAN GILLMAN, | ) | CIV. NO. 16-00001 JMS-RLP |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES; AND |
| UNITED STATES OF AMERICA, | ) | (2) DISMISSING COMPLAINT |
| | ) | WITHOUT PREJUDICE |
| Defendant. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**

**I. INTRODUCTION**

On January 4, 2016, Plaintiff Zachary Ryan Gillman ("Plaintiff"), proceeding pro se, filed (1) an Application to Proceed without Prepayment of Fees ("Motion for IFP"); and (2) a Complaint against Defendant United States of America.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.  Based on the following, the court GRANTS Plaintiff's Motion for IFP, but DISMISSES the Complaint without prejudice.  Plaintiff is granted leave to file an Amended Complaint that complies with the Federal Rules of Civil Procedure and satisfies deficiencies identified in this Order.

If he does not do so by **January 28, 2016**, the action will be terminated without further notice.

## II. <u>ANALYSIS</u>

### A. **Motion for IFP**

Federal courts may authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses and demonstrates that he or she is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  While § 1915(a) does not require a litigant to

2

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).

Plaintiff's Motion for IFP asserts that Plaintiff is self-employed with take-home pay or wages of $1,000 per month.  He attests to receiving income of $500 per month during the past six months, and $407 per month of disability benefits.  He further attests to having $2,000 in a bank account.  He lists monthly expenses of over $450.  Doc. No. 4, Mot. at 1-2.  The court finds that Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed without prepayment of fees, and thus the court GRANTS Plaintiff's Motion for IFP.

## B.    The Complaint

### 1.    *Standards for Screening the Complaint*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

3

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally

construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.

1987) ("The Supreme Court has instructed the federal courts to liberally construe

the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam))).

Moreover, the court may dismiss a complaint for lack of subject

matter jurisdiction on its own motion.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th

Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d

691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a

federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3).  Further, "[a]

trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6)."  *Omar v.

Sea-Land Serv., Inc*., 813 F.2d 986, 991 (9th Cir. 1987).  "Such a dismissal may be

made without notice where the claimant cannot possibly win relief."  *Id*.  The

court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans*

4

*Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by this Rule.  *Iqbal*, 556 U.S. at 679.  Further, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to

whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

## 2.   *Application of Standards to the Complaint's Allegations*

Applying the preceding principles, the court dismisses Plaintiff's Complaint for lack of federal subject matter jurisdiction, and for failure to state a claim.

Although difficult to understand, the Complaint alleges in uppercase text that Plaintiff's medical records at the Tripler Medical Center contain "multiple sets of fake and or falsified mental health information," Doc. No. 1, Compl. ¶ IIIB.B(1), and that "Veteran Affairs doctors use[d] impropper (sic) medical methods and ethics to gather facts, and giv[e] mental heath diognosis (sic) based on these, and above stated issue." *Id*. ¶ IIIB.B(2).  It further alleges that "Veteran Affairs doctors use[d] non VA personal (sic) in [an] attempt to create fake external enviroment (sic) and dissosociate (sic), derail, disturb a human, and methods employed, in [an] attempt to give apperance (sic) of mental health issues, and bolster falsified medical records and mental health diognosis (sic)[.]" *Id*. ¶ IIIB.B(3).  And it alleges that "records appear to have been doctored previous back to Oct 2007." *Id.* ¶ IV(1).  Among other relief, Plaintiff seeks (1) to "remove all fake and or falsified medical information in medical records, and proper noting

of fault;" (2) "removal of all mental health diognois (sic) on my name;" and (3) "a

settlement in between the amounts of 5 - 10 million dollars from Defendant." *Id.*

¶ V.

The Complaint asserts 28 U.S.C. § 2401(b) and 18 U.S.C. § 1519 as

the bases for federal jurisdiction in this suit against the United States.  Doc. No. 1,

Compl. ¶ II.  But 18 U.S.C. § 1519 is a criminal statute regarding a type of

obstruction of justice.  It does not provide a civil cause of action.  *See, e.g.*, *Allen*

*v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal

of civil claims made under 18 U.S.C. §§ 241 and 242 "because these are criminal

statutes that do not give rise to civil liability"); *Aldabe v. Aldabe*, 616 F.2d 1089,

1092 (9th Cir. 1980) (holding that criminal statutes do not give rise to civil

liability).  That is, 18 U.S.C. § 1519 does not provide a basis for subject matter

jurisdiction against the United States in this civil suit.

Further, 28 U.S.C. § 2401(b) only provides a statute of limitations for

a claim under the Federal Tort Claims Act ("FTCA") -- it does not by itself

provide a cause of action.  And even if the court construes Plaintiff's reference to

§ 2401(b) as making a claim against the United States under the FTCA as set forth

in 28 U.S.C. §§ 1346(b) and 2675(a), the claim would fail because Plaintiff "has

not alleged compliance with the FTCA's administrative exhaustion requirement."

*Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013) ("A district court

may dismiss a pro se complaint for failure to allege compliance with the FTCA's

administrative exhaustion requirement[.]") (citing *Gillespie v. Civiletti*, 629 F.2d

637, 640 (9th Cir. 1980)).

Finally, to the extent Plaintiff is seeking to use the Administrative

Procedures Act to compel the United States to correct agency medical records, *see,*

*e.g.*, *Haselwander v. McHugh*, 774 F.3d 990, 997 (D.C. Cir. 2014) (reviewing

request under 10 U.S.C. § 1552(a)(1) to correct Army military medical records),

such a claim would fail because Plaintiff has not demonstrated that he exhausted

administrative remedies as required under 5 U.S.C. § 704 (nor has he alleged such

exhaustion).  *See Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 846

(9th Cir. 2013) ("The APA requires that plaintiffs exhaust available administrative

remedies before bringing grievances to federal court[.]") (citing 5 U.S.C. § 704);[1]

---

[1] 5 U.S.C. § 704 provides:
> Agency action made reviewable by statute and final agency action
> for which there is no other adequate remedy in a court are subject
> to judicial review.  A preliminary, procedural, or intermediate
> agency action or ruling not directly reviewable is subject to review
> on the review of the final agency action.  Except as otherwise
> expressly required by statute, agency action otherwise final is final
> for the purposes of this section whether or not there has been
> presented or determined an application for a declaratory order, for
> any form of reconsideration, or, unless the agency otherwise
> requires by rule and provides that the action meanwhile is
> inoperative, for an appeal to superior agency authority.

*Sung v. Doyle*, 988 F. Supp. 2d 1195, 1205 (D. Haw. 2013) (reiterating that

"federal courts have jurisdiction under 5 U.S.C. § 702 of the APA to review

decisions of the [Army Board for the Correction of Military Records]," and

discussing administrative exhaustion requirement) (citation omitted).

This dismissal, however, is without prejudice to Plaintiff filing an

Amended Complaint that contains enough specificity to state "plausible" claims

under federal standards, *see Iqbal*, 556 U.S. at 678, and that demonstrates that any

administrative exhaustion requirements have been satisfied.  That is, because

Plaintiff is proceeding pro se, the court will grant Plaintiff leave to amend to

attempt to cure deficiencies in his Complaint.  *See, e.g.*, *Akhtar v. Mesa*, 698 F.3d

1202, 1212 (9th Cir. 2012) (reiterating that "before dismissing a pro se complaint

the district court must provide the litigant with notice of the deficiencies in his

complaint in order to ensure that the litigant uses the opportunity to amend

effectively," and that "[a] district court should not dismiss a pro se complaint

without leave to amend unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment") (internal citations and quotation

marks omitted).

///

///

9

## III.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Plaintiffs' Motion for IFP, but DISMISSES the Complaint without prejudice.  **By January 28, 2016**, Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure.  If an Amended Complaint is not filed by **January 28, 2016**, the action will be terminated without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 7, 2016.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gillman v. United States of Am.*, Civ. No. 16-00001 JMS-RLP, Order: (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; and (2) Dismissing Complaint Without Prejudice