IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZACHARY RYAN GILLMAN<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | Civ. No. 16-00001 JMS-RLP<br><br>ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PRIVACY ACT CLAIMS; (2) CONSTRUING AMENDED COMPLAINT TO INCLUDE FTCA CLAIM; AND (3) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND FTCA CLAIM |

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PRIVACY ACT CLAIMS; (2) CONSTRUING AMENDED COMPLAINT TO INCLUDE FTCA CLAIM; AND (3) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND FTCA CLAIM**

## I. INTRODUCTION

Plaintiff Zachary Ryan Gillman ("Plaintiff"), proceeding pro se, asserts that the United States Department of Veterans Affairs (the "VA" or "Defendant") acted improperly in order to falsely document and misdiagnose Plaintiff's mental health, and failed to correct "fake and or falsified mental health information" in Plaintiff's medical records. Am. Compl. ¶ III.B.B., ECF No. 6. Currently before the court is Defendant's Motion for Summary Judgment ("Motion"). ECF No. 27. Based on the following, the court GRANTS the Motion as to Plaintiff's Privacy Act claims, construes the Amended Complaint as asserting

a tort claim under the Federal Tort Claims Act ("FTCA"), and DISMISSES the

Amended Complaint with leave to amend the FTCA claim.

## II. <u>BACKGROUND</u>

On January 10, 2014, Plaintiff submitted a Patient Amendment

Request to the VA to correct information Plaintiff believes is inaccurate in his

"mental health record." Def.'s Concise Statement of Facts ("CSF") ¶¶ 1, 2, ECF

No. 28; Def.'s Ex. "A," ECF No. 28-2. The VA's then-privacy officer, Bert

Thornburg, sought and obtained responses from each of Plaintiff's health care

providers who prepared an allegedly inaccurate medical record. Def.'s CSF ¶¶ 3-

8; Thornburg Decl. ¶¶ 4-8. By letter dated February 25, 2014, Mr. Thornburg

responded to Plaintiff, informing him that one record was amended to correct an

admission date, but that all other requests for correction were denied, based on the

providers' determinations that the information in the records is accurate. Def.'s

CSF ¶¶ 6-9; Def.'s Ex. "M" (the "February 25 response"), ECF No. 28-14. The

February 25 response also informed Plaintiff that he could appeal the VA's partial

denial of his Amendment Request by submitting a written appeal to the Office of

General Counsel ("OGC") in Washington, D.C. Def.'s CSF ¶ 10; Def.'s Ex. "M."

The February 25 response also provided additional instructions regarding such an

appeal, including (1) the OGC's address, (2) that Plaintiff needed to include a copy

of the February 25 response with his appeal, and (3) that Plaintiff should state why he disagreed with the VA's determination. *Id.*

According to Plaintiff, he both appealed the February 25, 2014 response to the OGC and sent a "tort packet." Pl.'s Opp'n at 2 ("Plaintiff . . . appeal[ed] the denial of his privacy act request to the [OGC], and, by sending tort packet at same time."); *see also* Pl.'s CSF ¶ 1, ECF No. 30-1 ("Plaintiff followed careful procedures with all filings within the VA system [relating to] privacy officers [and] tort claims[.]"). The documents Plaintiff provided to support his assertion, however, show that: (1) on March 10, 2014, the VA Regional Counsel in San Francisco received Plaintiff's FTCA tort claim, Pl.'s Ex., VA Letter dated March 4, 2014 (the "March 4 letter"), ECF No. 30-2[1]; (2) the VA denied that claim on August 22, 2014, Pl.'s Ex, OGC letter dated November 19, 2014 (the "November 19 letter"), ECF No. 30-3; (3) on November 10, 2014, Plaintiff requested reconsideration of the August 22 denial of his FTCA claim, *id.*; and (4) on July 8, 2015, the OGC denied reconsideration of Plaintiff's FTCA claim, Pl.'s Ex., OGC letter dated July 8, 2015 (the "July 8 OGC letter"), ECF No. 6-1. The July 8 OGC letter explained that the OGC's denial applied only to Plaintiff's claim for damages under the FTCA, and that if Plaintiff wished to pursue a claim to

---

[1] Although the VA Letter is dated March 4, 2014, because it references an event that occurred on March 10, 2014, the letter was likely issued sometime after March 10, 2014. *See* VA Letter, ECF No. 30-2.

correct his records, he may do so under the Privacy Act.  *Id.* Further, the July 8

OGC letter informed Plaintiff that he could pursue his FTCA claim by filing an

action in federal court within six months.  *Id.* (citing 28 U.S.C.

§ 2401(b)).  Plaintiff also provided a letter from the VA's Sierra Pacific Network

("SPN"), also dated July 8, 2015 (the "July 8 SPN letter"), acknowledging

correspondence from Plaintiff regarding "the accuracy of [his] medical record."

Pl.'s Ex., July 8 SPN letter, ECF No. 6-2.  The July 8 SPN letter states that after

review conducted in accordance with policy, the VA determined that it

"appropriately documented [Plaintiff's] care."  *Id.*

On January 4, 2016, Plaintiff filed the instant action seeking damages

of $5 -10 million and injunctive relief to correct falsified mental health information

in his medical records.  Compl. ¶¶ IIIB.B(1)- (3), V, ECF No. 1.  The Complaint

asserted jurisdiction under 28 U.S.C. § 2401(b) and 18 U.S.C. § 1519.  *Id.* ¶ II.

On January 7, 2016, this court dismissed the Complaint for lack of jurisdiction and

failure to state a claim, finding that neither statute provides a civil cause of action

-- § 1519 is an inapplicable criminal statute and § 2401(b) is merely a statute of

limitations for a claim under the FTCA.  Order Dismissing Complaint at 6-7, ECF

No. 5.  The court explained that even if it construed the Complaint to assert a claim

under the FTCA, as set forth in 28 U.S.C. §§ 1346(b) and 2675(a), it would fail

because Plaintiff did not allege "compliance with the FTCA's administrative

exhaustion requirement." *Id.* at 7.  The court granted Plaintiff leave to amend to attempt to cure the deficiencies of the Complaint.  *Id.* at 9.

On January 28, 2016, Plaintiff filed an "Amended Complaint and Injunction" ("Amended Complaint").  ECF No. 6.  The Amended Complaint realleges that Plaintiff's medical records contain "fake and or falsified mental health information," and that VA doctors acted inappropriately to document and justify Plaintiff's mental health diagnosis.[2]  *Id.* ¶ III.  Plaintiff alleges that Defendant's failure to correct his medical records has prevented him from "pursuing professional mixed martial arts career, as well as professional career of new car/old car repair and restoration as well as other professional career fields," each of which "could have equaled hundreds of thousands of dollars into the millions of dollars."  *Id.* ¶ IV.  The Amended Complaint seeks damages of nine million dollars and a plethora of injunctive relief, including corrections to Plaintiff's medical records.  *Id.* ¶ V.  The Amended Complaint alleges that Plaintiff has exhausted all administrative actions, and asserts jurisdiction under 5 U.S.C.

---

[2] More specifically, the Amended Complaint alleges that VA doctors:  (1) used "improper medical methods and ethics to gather facts" upon which they made mental health diagnoses, Am. Compl. ¶ III.B.B.(2), and (2) used non-VA personnel "to create a fake external environment and dissociate, derail, and disturb an individual to give appearance of mental health related issues, and bolster falsified medical records and mental health diagnosis," *id.* ¶ III.B.B(3).  The Amended Complaint characterizes these actions as constituting "improper medical negligence and ethics, abuse of psychiatric authority."  *Id.* ¶ IV(4).

§ 552. *Id.* ¶¶ II, III.B.B.(4).  Because Plaintiff seeks amendment of his medical records rather than access to public records, however, the court construed the Amended Complaint as asserting a claim under the Privacy Act, 5 U.S.C. § 552a, and not the Freedom of Information Act, 5 U.S.C. § 552. *See* Order Directing Service of Process ("Service Order") at 1, ECF No. 7.

On December 27, 2017, Defendant filed the instant Motion.  ECF No. 27.  Plaintiff filed an Opposition on February 10, 2017, ECF No. 30, and Defendant filed a Reply on February 17, 2017, ECF No. 31.  A hearing was held on March 6, 2017.

## III.  <u>STANDARDS OF REVIEW</u>

### A.    Summary Judgment

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## B.   Sua Sponte Dismissal

Under Rule 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate where a complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes that all factual allegations are true and draws reasonable inferences from them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, "[a] trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (internal quotation marks and citation omitted); *see also Barnard v. U.S. Gov't*, 635 F. App'x 388, 388 (9th Cir. 2016) (determining that district court properly dismissed complaint sua sponte because the "claims lacked any arguable basis in law or fact"); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to

Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

## C.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court construes his pleadings liberally and affords him the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  In giving liberal interpretation to a pro se complaint, however, the court may not supply essential elements of a claim that were not initially pled.  *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).

## IV.  <u>DISCUSSION</u>

Defendant contends that Plaintiff failed to appeal his Privacy Act claim to the OGC, and therefore failed to administratively exhaust his claim. Defendant further contends, in reliance on this court's Service Order, that the Amended Complaint was brought exclusively under the Privacy Act, but that even if the Amended Complaint asserted a FTCA claim, it would be time-barred.  The court addresses these issues in turn.

## A.    The Privacy Act Claims

"[T]o protect the privacy of individuals," the Privacy Act "regulate[s]

the collection, maintenance, use, and dissemination of information by [federal]

agencies" and provides a private cause of action against such agencies for violation

of the Act's provisions.  *Doe v. Chao*, 540 U.S. 614, 618 (2004); *see* 5 U.S.C.

§ 552a(g)(1).  Under the Privacy Act, federal agencies must ensure that

information compiled in an individual's records is accurate, relevant, timely, and

complete.  5 U.S.C. § 552a(e)(5).  There are four different types of claims that may

be asserted for violation of the Privacy Act -- amendment of records, access to

records, accuracy/maintenance of records, and catch-all claims to redress harm

caused by some other violation of the Privacy Act.  *See* 5 U.S.C. § 552a(g)(a)(A)-

(D); *see also Chao*, 540 U.S. at 618-19 (noting that amendment and access claims

cover deficient management of records, while the remaining two categories deal

with violations having consequences beyond mere statutory violations); *Singh v.*

*U.S. Dep't of Homeland Sec.*, 2014 WL 67254, at *4-5 (E.D. Cal. Jan. 8, 2014)

(discussing available categories of claims).  Remedies for amendment and access

claims are limited to injunctive relief, plus attorney fees and costs.  5 U.S.C.

§§ 522a(g)(2), (3); *Singh*, 2014 WL 67254, at *4.  For accuracy/maintenance and

catch-all claims, upon proving that an agency's violation of the Privacy Act was

intentional or willful, a plaintiff may be awarded actual damages, plus attorney fees and costs.  5 U.S.C. § 552a(g)(4); *Singh*, 2014 WL 67254, at *5.

Plaintiff asserts amendment and accuracy/maintenance claims.  He seeks injunctive relief to force the VA to amend his medical records, and damages based on the VA's maintenance of allegedly inaccurate, falsified records.

### 1.   *Amendment Claim for Injunctive Relief*

Before filing an amendment claim, a plaintiff must exhaust administrative remedies to have improper material in his personal records corrected or eliminated.  5 U.S.C. § 552a(g)(1)(A)[3]; *see Hewitt v. Grabicki*, 794 F.2d 1373, 1377 (9th Cir. 1986) (recognizing that exhaustion of administrative remedies is a prerequisite to filing a Privacy Act amendment claim); *McNeely v. U.S. Dep't of Labor*, 2014 WL 3369305, at *3 (N.D. Cal. July 8, 2014) ("[A] claimant is required to exhaust his or her administrative remedies before initiating an action [for amendment under the Privacy Act ] in federal court.").  The General Counsel is responsible for reviewing appeals and making final VA agency decisions.  *See* 38 C.F.R. §1.580.

---

[3] Section 552a(g)(1)(A) provides a private cause of action "[w]henever any agency . . . makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection."  Subsection 552a(d)(3) requires that after an initial refusal to amend records, an agency must allow an individual to appeal such refusal and if, *after final agency review*, the appeal is denied, provide instructions for judicial review under subsection (g)(1)(A).

Here, Plaintiff provides no evidence to show that he appealed the February 25 response denying his Amendment Request to the OGC.  Rather, the record shows that after receiving the February 25 response, Plaintiff submitted (1) an FTCA tort claim to the VA Regional Counsel in San Francisco, *see* the March 4 letter, and (2) correspondence to the SPN regarding amendment of records, *see* the July 8 SPN letter.  The OGC issued a final agency decision explicitly limited to a denial of Plaintiff's FTCA claim.  *See* July 8 OGC letter.  In short, there is no evidence that the OGC received an appeal of the February 25 response or issued a final agency decision regarding Plaintiff's Amendment Request.

Accordingly, the court finds that Plaintiff failed to exhaust his administrative remedies with respect to his amendment claim.  This failure is fatal to his claim for injunctive relief under the Privacy Act.  *See* 5 U.S.C. § 552a(g)(1)(A); *Hewitt*, 794 F.2d at 1377.  Summary judgment on Plaintiff's Privacy Act amendment claim for injunctive relief is thus GRANTED.

### 2.      *Accuracy/Maintenance Claim for Damages*

Unlike amendment claims, exhaustion of administrative remedies is not a precondition to filing a damages claim under the Privacy Act.  *See Hewitt*, 794 F.2d at 1379; *see also Singh*, 2013 WL 1704296, at *18 ("[M]aintenance [of

records] claims seeking damages do not have any exhaustion requirements, unlike amendment claims.").

However, to prevail on an accuracy/maintenance claim for damages, a plaintiff "must show 1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused [an] adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 417 (9th Cir. 2008) (referring to claims under 5 U.S.C. §§ 552a(g)(1)(C) and (D)) (internal quotation marks and citations omitted); *Braun v. Dep't of Justice*, 2015 WL 1526481, at *5 (D. Mont. Apr. 3, 2015).

Defendant provided evidence refuting Plaintiff's allegation that the VA acted intentionally or willfully in maintaining inaccurate records. Upon receiving Plaintiff's Amendment Request and in accordance with § 552a(d)(2),[4] the VA promptly forwarded Plaintiff's request and the medical records at issue to the providers of those records for a review. Thornburg Decl. ¶¶ 4, 5; Def.'s Exs. "B"-"L," ECF Nos. 28-3 to -13. Following such review, the VA amended one record to correct an admission date, but denied Plaintiff's remaining requests based

---

[4] The Privacy Act requires that after receiving a request to amend an individual's records, an agency must either correct "any portion . . . which the individual believes is not accurate, relevant, timely, or complete," or "inform the individual of its refusal to amend the record . . . , the reason for the refusal, [and] the procedures established . . . for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency[.]" 5 U.S.C. § 552a(d)(2).

on the providers' determinations that amendment was not appropriate for all other records.  Thornburg Decl. ¶¶ 6, 7; Def.'s Exs. "B"-"L."  In its February 25 response, the VA explained to Plaintiff its review process, decision to partially amend one record and deny amendment to all other records, and information on how to appeal its decision.  Thornburg Decl. ¶¶ 9-10; Def.'s Ex. "M."

Plaintiff failed to provide any factual evidence to refute Defendant's evidence of compliance and efforts to ensure the accuracy of Plaintiff's records. *See Patwardhan v. U.S. ex rel. Dep't of Health & Human Serv.*, 2014 WL 1093049, at *3 (C.D. Cal. Mar. 18, 2014) ("Plaintiff has not presented any evidence showing that Defendants failed to update [records] without ground for believing [them] to be lawful . . . [or] that Defendants intentionally or willfully acted in violation of their record keeping obligations.").

Instead, Plaintiff argues that he has "no faith in these doctors and or the 'VA' system in general, henceforth, the need of Supreme Court action considering the exact nature of this case."  Pl.'s Opp'n at 2.  But the Privacy Act does not contemplate that a court will substitute its judgment for the judgment of agency officials as reflected in an individual's records. *See Hewitt*, 794 F.2d at 1378; *see also Kleiman v. Dep't of Energy*, 956 F.2d 335, 338 (D.C. Cir. 1992) ("The Privacy Act allows for amendment of factual or historical errors.  It is not, however, a vehicle for amending the judgments of federal officials or . . . other[s]

. . . as those judgments are reflected in records maintained by federal agencies."); *but see R.R. v. Dep't of the Army*, 482 F. Supp. 770, 774 (D.D.C. 1980) ("An agency may not refuse a request to revise or expunge prior professional judgments once all the facts underlying such judgments have been thoroughly discredited."). And Plaintiff has provided no evidence that the facts underlying the allegedly inaccurate information in his records have been discredited.  That is, although Plaintiff alleges that VA doctors intentionally and willfully used improper medical methods to falsify their records and to support their mental health diagnoses, *see* Am. Compl. ¶¶ II.B.B.(2), (3), Plaintiff has provided no *evidence* in response to the Motion for Summary Judgment to support these claims.

At best, Plaintiff simply *alleges* that he disagrees with the opinions and subjective evaluations of the VA doctors who created and maintained his medical records.  Thus, Plaintiff has failed to establish the existence of a genuine issue of material fact -- namely, whether VA personnel acted intentionally or willfully in maintaining allegedly inaccurate medical records.  Moreover, Plaintiff neither alleged nor provided evidence to show that the VA's maintenance of allegedly inaccurate mental health records caused a required adverse determination[5] or actual damages.[6]

---

[5] Plaintiff has not provided evidence to show a causal connection between the VA's maintenance of allegedly inaccurate medical records and Plaintiff's inability to pursue a "professional mixed martial arts career, . . . car repair and restoration" career, or "other

Summary judgment on Plaintiff's accuracy/maintenance claim for damages under the Privacy Act is thus GRANTED.

## B.   FTCA Claim

### 1.   *The Amended Complaint Includes an FTCA Damages Claim*

The Amended Complaint expressly alleges federal subject matter jurisdiction solely under 5 U.S.C. § 522, which this court has construed as the Privacy Act, 5 U.S.C. § 522a.  Upon further review, the court now finds that its initial screening was too restrictive.  Construing the Amended Complaint liberally (and now having a better understanding of Plaintiff's claims), the court finds that it also includes sufficient allegations to support an attempt to assert federal question jurisdiction pursuant to an FTCA damages claim.  Plaintiff alleges exhaustion of a tort claim based on the same underlying factual allegations as his Privacy Act claim.  *See* Am Compl. caption ("Tort claim paperwork showing exhaustion"); *id.* ¶ III (noting that "[a]ll attempts to correct" the same issues underlying his Privacy

---

professional career fields." Am Compl. ¶ IV.(3).  *See Braun v. Dep't of Justice*, 2015 WL 1526481, at *5 (D. Mont. Apr. 3, 2015) ("Significantly, to state a claim for [damages,] the allegations must demonstrate a causal connection between either an agency's failure to maintain accurate records or an agency's violation of a provision of the Privacy Act, and the plaintiff's resulting damages.").

[6] The Supreme Court has interpreted "actual damages" to mean "proven pecuniary or economic harm." *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012); *see Hack v. FBI*, 2015 WL 4243268, at *3 (D. Nev. July 10, 2015) (citing *Cooper*).  Plaintiff's allegation -- that he could have obtained "hundreds of thousands of dollars into the millions of dollars" if he had pursued each of his missed career opportunities -- does not qualify as proven pecuniary or economic harm.

Act claim "with former administrative actions have been exhausted").  And he attached the July 8 OGC letter, verifying a final agency decision denying his FTCA damages claim.  Pl.'s Ex, ECF No. 6-1.  Had Plaintiff attached the July 8 OGC letter to his original Complaint, it would have been clear that he had administratively exhausted an FTCA claim.

And although the Amended Complaint was filed more than six months after the July 8 OGC letter was issued, *see* 28 U.S.C. § 2401(b) (providing that FTCA claims must be brought within six months of a final agency decision), Plaintiff's FTCA claim relates back to the date of Plaintiff's original Complaint. Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading[.]"  Fed. R. Civ. P. 15(c).  A claim arises "out of the same conduct, transaction, or occurrence" if it "share[s] a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also Milligan v. Am. Airlines, Inc.*, 577 F. App'x 718, 719 (9th Cir. 2014) (mem.) (reversing district court's denial of leave to amend a claim that "share[d] a common core of operative facts" with claims originally pled); *Frontline Processing Corp. v. Barack Ferrazzano Perlman & Nagelberg*

17

*LLP*, 571 F. App'x 586, 587 (9th Cir. 2014) (mem.) (holding that the district court erred in denying relation back where new claim arose from same conduct as alleged in original complaint and therefore, the defendants were "provided adequate notice of the claims raised in the amended pleading"); *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989) (finding that amended complaint related back, where amended complaint added a new theory of recovery based on facts alleged in original complaint).

Because the FTCA claim arises out of the same conduct, transaction, and occurrence as the claims asserted in the Complaint, it appears to relate back to the date of the Complaint and is therefore, not barred by the statute of limitations. And Plaintiff's failure to expressly assert jurisdiction under the FTCA in the Amended Complaint does not preclude this result. *See Nino v. United States*, 2014 WL 4988472, at *5-7 (S.D. Cal. Oct. 6, 2014) (rejecting argument that because amended pleadings supersede prior pleadings, a plaintiff's failure to include FTCA claim in first amended complaint precluded relation back of FTCA claim asserted in second amended complaint to the date of original complaint). Accordingly, the court construes the Amended Complaint as also including a timely FTCA claim for damages.

///

///

### 2.   *FTCA Damages Claim is Dismissed*

The FTCA waives sovereign immunity of the United States,

permitting tort suits for damages against the government "in the same manner and

to the same extent as a private individual under like circumstances."  28 U.S.C.

§ 2674.  It grants district courts jurisdiction over civil actions for money damages

for negligent or wrongful acts or omissions of government employees acting in the

scope of employment "under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see United States v.*

*Olson*, 546 U.S. 43, 46 (2005); *Foster v. United States*, 522 F.3d 1071, 1074 (9th

Cir. 2008) ("The FTCA waives sovereign immunity for claims against the federal

government arising from torts committed by federal employees.").

The Amended Complaint alleges that the events giving rise to

Plaintiff's claim occurred between 2012 and 2014 in Hawaii.  Thus, "to establish

jurisdiction under the FTCA, Plaintiff must show that the government's actions, if

committed by a private party, would constitute a tort in [Hawaii]."  *Francois v.*

*United States*, 2017 WL 4567976, at *3 (D. Ariz. Feb. 3, 2017) (citing *Love v.*

*United States*, 60 F.3d 642, 644 (9th Cir. 1995)) (other citations omitted).  That is,

"to bring an FTCA claim, a plaintiff must show the same elements that state law

requires for the tort cause of action."  *Dettling v. United States*, 983 F. Supp. 2d

1184, 1198-99 (D. Haw. 2013) (citing *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir. 1983), *abrogated on other grounds as stated in Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994)).

The Amended Complaint, however, is silent as to the nature of Plaintiff's tort claim.  Allegations that Defendant violated the Privacy Act per se do not constitute a state tort claim.  *See Demoruelle v. United States*, 2015 WL 6478610, at *4 (D. Haw. Oct. 26, 2015) ("The FTCA does not waive sovereign immunity for causes of action where the claimed negligence arises out of the failure of the United States to carry out federal statutory duties or otherwise follow federal law.") (quotation marks and citations omitted).  Thus, as written, Plaintiff cannot possibly win relief on an FTCA claim premised on the Privacy Act.

Because Plaintiff cannot possibly win relief as pled, the court DISMISSES the Amended Complaint sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6), with leave to amend.

### 3.    *Leave to Amend*

Because Plaintiff may be able to state an FTCA claim with more particularity -- by identifying and alleging a violation of a state tort cause of action by VA employees -- the court will grant Plaintiff an opportunity to amend his FTCA claim by April 10, 2017.  If Plaintiff wishes to file an amended complaint, he must write short, plain, numbered statements telling the court:  (a) the state-law

right or duty that he believes was violated; (b) the specific basis of this court's

jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what

that defendant did or failed to do; (e) how the action or inaction of that defendant is

connected to the violation of Plaintiff's rights; and (f) what specific injury Plaintiff

suffered because of that defendant's conduct. Plaintiff must repeat this process for

each person or entity that he names as a defendant. Plaintiff must follow these

guidelines for each tort claim.

An amended complaint will supersede prior complaints. *See Ramirez*

*v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The court will not

refer to prior pleadings to make an amended complaint complete, although it will

not ignore contradictory statements of fact between prior pleadings and an

amended complaint. Local Rule 10.3 requires that an amended complaint be

complete in itself without reference to any prior pleading. Defendants not named

in the caption and claims dismissed without prejudice that are not realleged in an

amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa*

*Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need

not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut

. . . claims [that are] voluntarily dismissed [are] . . . waived if not repled.").

Plaintiff must clearly designate on the face of the document that it is

the "Second Amended Complaint." Plaintiff may include only one claim per

count, and must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  In particular, Plaintiff is cautioned to comply with Federal Rule of Civil Procedure 10(b), requiring a party to state "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Thus, a Second Amended Complaint should be presented in paragraph form, with each paragraph including a single fact and/or allegations to which a defendant may respond.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the Defendant's Motion for Summary Judgment is GRANTED as to the Privacy Act claims, the Amended Complaint is construed to include a tort claim under the FTCA, and the Amended Complaint is DISMISSED for failure to state a claim.  Specifically, Plaintiff's FTCA claim is DISMISSED with leave to amend.

///

///

///

///

///

///

///

Plaintiff may file a Second Amended Complaint asserting an FTCA claim that attempts to cure the deficiencies noted above before April 10, 2017. Plaintiff cannot reassert a Privacy Act claim. Failure to file a Second Amended Complaint by April 10, 2017 will result in dismissal of this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gillman v. United States*, Civ. No. 16-00001 JMS-RLP, Order: (1) Granting Defendant's Motion For Summary Judgment As To Privacy Act Claims; (2) Construing Amended Complaint To Include FTCA Claim; and (3) Dismissing Amended Complaint With Leave To Amend FTCA Claim